The Honorable Charlie Cole Chaffin State Senator 12180 I-30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the deduction of pension contributions from the pay of firefighters who participate in a local firemen's relief and pension fund. Specifically, you indicate that the Benton Fire Department employees currently receive a biannual cleaning allowance of $240.00. Prior to January 1, 1992, this money was considered a reimbursement and was not taxed nor was pension withheld. Upon advice of the city auditor, the city began withholding state and federal income taxes in January 1992. The local pension board has requested that the city personnel office also withhold pension if the money is taxable income so that "the money can be counted on the employees' retirement." The city was informed by the "Local Police and Fire Retirement System" that in order for pension contributions to be deducted from a check, it had to be "regular and recurring." You pose the two following questions with regard to these facts:
1. What constitutes regular and recurring pay?
 2. Can pension be withheld from a cleaning allowance check if taxes are withheld from the biannual recurring check?
In response to your first question, the relevant statute defines the term "salary," which is to be used in determining from which remunerations pension contributions are deducted. In response to your second question, it appears that the answer is "no;" pension contributions should not be withheld from a biannual cleaning allowance.
With regard to your first question, A.C.A. § 24-11-816 provides that firefighters wishing to participate in local pension funds must file a statement with the local board to this effect. Subsection (a)(2) of this statute provides that:
 The statement shall include the name and age of those persons immediately dependent upon him and shall authorize the governing body of the city to deduct from his salary such percentage, not less than six percent (6%) thereof, as may be approved for deduction by the local firemen's pension board. [Emphasis added.]
Pension contributions thus are authorized to be deducted from the "salary" of the firefighter. The term "salary" was defined in 1987 as follows:
 As used in this section, unless the context otherwise requires, the term `salary' shall mean recurring pays which are received for the fire fighter's regularly scheduled work week and shall not include payments for unused accrued sick leave or annual leave or the cash value of any nonrecurring or unusual remunerations.
A.C.A. § 24-11-818 (a)(1).
Although this provision appears in the statute that is concerned with benefits as a percent of salary, and not deductions from salary, Act 389 of 1987, which enacted this definition, makes clear that the definition is also to define the term for purposes of deductions from salary. The title of that act provides:
 AN ACT to Amend Section 4 of Act 491 of 1921, as Amended [A.C.A. § 24-11-818], and Sections 1, 2, and 3 of Act 82 of 1951, as Amended [A.C.A. § 24-11-816], to Clarify the Meaning of Salary for Purposes of Determining Benefits Payable From Firemen's Pension and Relief Funds; for Making Deductions From Salary for Local Fire Pension Funds; and for Other Purposes. [Emphasis added.]
In response to your first question, therefore, the definition of "salary" includes "recurring pays which are received for the fire fighter's regularly scheduled work week. . . ." This would not include a cleaning allowance which is apparently not received for the regularly scheduled work week. This fact, in my opinion, requires a negative answer to your second question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh